## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### MIAMI DIVISION

| | |
|---|---|
| BENJAMIN DAVIS, individually and on behalf of all others similarly situated, | Case No. 1:20-cv-24362 |
| Plaintiff, | **CLASS ACTION** |
| v. | |
| AMERICAN FINANCIAL FREEDOM LLC, d/b/a GLOBELEND CAPITAL, | (JURY TRIAL DEMANDED) |
| Defendant. | |

### CLASS ACTION COMPLAINT

Plaintiff Benjamin Davis ("Plaintiff" or "Davis"), individually and on behalf of all others similarly situated, complains and alleges as follows based on personal knowledge as to himself, on the investigation of his counsel, and on information and belief as to all other matters:

### NATURE OF THE ACTION

Plaintiff brings this putative class action lawsuit for legal and equitable remedies resulting from the illegal actions of American Financial Freedom LLC, doing business as Globelend Capital ("Defendant" or "Globelend"), in transmitting unsolicited SMS text message solicitations to his cellular telephone and the cellular telephones of numerous other consumers across the country, in direct violation of the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

### JURISDICTION AND VENUE

1.      The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

2.      Personal jurisdiction and venue are proper in this district because Defendant maintains its corporate headquarters in this district.

### PARTIES

3.      Plaintiff is, and at all times mentioned herein was, an individual and a "person" as defined by 47 U.S.C. § 153(39) and a citizen and resident of Frisco, Texas.

4.      Defendant American Financial Freedom LLC, doing business as Globelend Capital, is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39). Defendant is a Florida corporation that maintains, and at all pertinent times has maintained, its corporate headquarters and principal place of business in Miami Gardens, Florida.

### THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

5.      In 1991, Congress enacted the TCPA to address consumer complaints regarding certain abusive telemarketing practices.

6.      The TCPA prohibits companies from, *inter alia*, initiating telephone solicitations via phone call or text message to numbers registered on the National Do-Not-Class Registry (the "DNC List"). *See* 47 C.F.R. § 64.1200(c)(2).

7.      Even after implementation of the DNC List, telemarketing continues to plague American cellular telephone subscribers. "Since 2009, the FTC has seen a significant increase in the number of illegal sales calls . . . . Internet powered phone systems make it cheap and easy for scammers to make illegal calls from anywhere in the world, and to display fake caller ID information, which helps them hide from law enforcement."[1]

8.      One of the most prevalent bulk advertising methods employed by companies today involves the use of "Short Message Services" (or "SMS"), which allows for the transmission and receipt of short text messages to and from wireless telephones.

9.      According to a recent study conducted by the Pew Research Center, "Spam isn't just for email anymore; it comes in the form of unwanted text messages of all kinds — from coupons to phishing schemes — sent directly to user's cell phones."[2]

---

[1]     Federal Trade Commission, National Do-Not-Call Registry, *available at* https://www.consumer.ftc.gov/articles/0108-national-do-not-call-registry (last accessed Oct. 19, 2020).

[2]     Amanda Lenhart, Cell Phones and American Adults: They Make Just as Many Calls, but Text Less than Teens, Pew Research Center (2010), http://www.pewinternet.org/Reports/2010/Cell-Phones-and-American-Adults.aspx (last visited Oct. 19, 2020).

10.     SMS text messages are directed to wireless devices through telephone numbers assigned to the devices. When an SMS text message is transmitted to a number assigned to cellular telephone service, the wireless device associated with that number alerts the recipient that the message has been received. Because wireless telephones are carried on their owner's person, SMS text messages are received virtually anywhere in the world.

11.     Moreover, receiving unsolicited SMS text messages on a cellular device is distracting and aggravating to the recipient and intrudes upon the recipient's seclusion.

### FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

12.     Plaintiff is, and at all times mentioned herein was, the subscriber of the cellular telephone number (***) ***- 3278 (the "3278 Number"). The 3278 Number is, and at all times mentioned herein was, assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

13.     Plaintiff's 3278 Number is, and since December 22, 2011 has been, listed on the national DNC List.

14.     On or about October 2 and 9, 2018, Defendant transmitted or caused to be transmitted, by itself or through an intermediary or intermediaries, the following text messages to Plaintiff's 3278 Number, as depicted in a screenshot extracted from Plaintiff's cellular device:



15.     Both of the above-depicted messages sent by Defendant on October 2 and 9, 2018 constituted telephone solicitations as defined by 47 U.S.C. § 227(a)(4) because Defendant sent them to market and to advertise the commercial availability of its commercial lending services, for the purpose of selling such services to Plaintiff for profit.

16.     On or about October 10, 2018, after receiving the above-depicted text messages, Plaintiff responded with a text message that asked "How did you get my information?"  Defendant responded by stating that it had obtained his information "off a UCC filing list," and said its text messages were part of "a promo" they were "doing . . . on [their] 5 year term loan[s]."

17.     Defendant then proceeded to transmit two more text message solicitations to Plaintiff's 3278 Number advertising its services.  Plaintiff's exchange with Defendant on or about October 10, 2018 is depicted in the following screenshot extracted from Plaintiff's cellular device:



18.     All of the above-depicted messages sent by Defendant on October 10, 2018 constituted telephone solicitations as defined by 47 U.S.C. § 227(a)(4) because Defendant sent them to market and advertise the commercial availability of its commercial lending services, for the purpose of selling such services to Plaintiff for profit.

19.     On or about April 29, 2019, Defendant transmitted or caused to be transmitted, by itself or through an intermediary or intermediaries, another text messages to Plaintiff's 3278

Number, and Plaintiff responded by instructing Defendant to stop texting him, as depicted in the following screenshot extracted from Plaintiff's cellular device:



20.    The above-depicted message sent by Defendant on April 29, 2019 constituted a telephone solicitation as defined by 47 U.S.C. § 227(a)(4) because Defendant sent it to market and advertise the commercial availability of its commercial lending services, for the purpose of selling such services to Plaintiff for profit.

21.    Finally, on or about June 13, 2019, Defendant transmitted or caused to be transmitted, by itself or through an intermediary or intermediaries, yet another text message to Plaintiff's 3278 Number, to which Plaintiff again responded by immediately instructing Defendant to stop texting him, as depicted in the following screenshot extracted from Plaintiff's cellular device:

22.     The above-depicted message sent by Defendant on June 13, 2019 constituted a telephone solicitation as defined by 47 U.S.C. § 227(a)(4) because Defendant sent it to market and advertise the commercial availability of its commercial lending services, for the purpose of selling such services to Plaintiff for profit.

23.     The text message solicitations that Defendant sent to the 3278 Number, depicted above, originated from the telephone numbers (305) 791-5542 and (361) 239-5683, which are leased by Defendant or Defendant's agent(s) or affiliate(s) and used for operating Defendant's text-message marketing program.

24.     The hyperlinked https://globelend.com/application/ URL that appeared in the text messages transmitted by Defendant to the 3278 Number on June 13, 2019 re-directed to a website owned and operated by Defendant, where Defendant further advertises and markets the commercial availability of its lending services.

25.     Because Plaintiff is alerted by his cellular device, by auditory or visual means, whenever he receives a text message sent to the 3278 Number, each unsolicited text message that Defendant transmitted to the 3278 Number was invasive and intruded upon Plaintiff's seclusion. Plaintiff became distracted and aggravated as a result of receiving each of Defendant's text messages, which came at all hours of the day.

26.     None of the text messages Defendant sent to Plaintiff's 3278 Number or to the members of the Class included a mechanism for the recipient to instruct Defendant to stop transmitting any more such messages in the future.

27.     All of the complained-of text messages sent by Defendant to the 3278 Number and to the numbers assigned to members of the putative Class defined below constituted telephone solicitations as defined by 47 U.S.C. § 227(a)(4) because Defendant sent the text messages to market and advertise the commercial availability of its commercial lending services, for the purpose of selling such services to Plaintiff and the other members of the proposed Class for profit.

28.     Plaintiff has never consented, expressly or otherwise, in any manner, to receive any of the text message solicitations sent by or on behalf of Defendant to his 3278 Number, as set forth above.

29.     All of the complained of text messages sent by Defendant to the 3278 Number and to the numbers assigned to members of the putative Class constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i) and 47 C.F.R. § 64.1200.

30.     The rules set forth in paragraph (c) and (d) of 47 C.F.R. § 64.1200 are applicable to Defendant because the text messages it sent Plaintiff and the members of the Class were telephone solicitations to wireless telephone numbers, as described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991." 47 C.F.R. § 64.1200(e).

31.     Defendant, or any agent or intermediary acting on its behalf, lacked the necessary consent of Plaintiff or any member of the Class prior to transmitting the text message solicitations at issue to each of their cellular devices, as alleged herein, as required by the telephone solicitation restrictions of the TCPA and 47 C.F.R. § 64.1200(c)-(e).

32.     Further, Defendant lacked an established business relationship with Plaintiff or any of the Class members prior to transmitting the text message solicitations at issue to their cellular devices, as alleged herein. Plaintiff has never used or retained or submitted any inquiry concerning Defendant's services, and neither have any of the Class members.

33.     Defendant transmitted more than one text message solicitation (advertising or marketing the availability of its commercial lending services) over a 12-month period to Plaintiff's 3278 Number and to each of the cellular telephone numbers belonging to the other members of the proposed Class defined below, despite the fact that such numbers had all been registered on the DNC List for more than 30 days prior to Defendant's transmission of such messages to each such number, in plain violation of the TCPA and the regulations set forth in 47 C.F.R. § 64.1200(c)(2).

## CLASS ALLEGATIONS

34.     "Class" Definition. Plaintiff brings this civil class action on behalf of himself individually and as a representative of the following class of persons (the "Class") pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3):

> All persons in the United States who, within any 12-month period during the four (4) years preceding the filing of this Class Action Complaint through the date on which class certification is granted, received more than one text message promoting the sale of Defendant's goods or services sent by Defendant or an affiliate, subsidiary, or agent of Defendant more than 30 days after their telephone number had been registered on the National Do-Not-Call Registry.

35.     Defendant, its employees, and agents are excluded from the Class.  Also excluded from the Class is any person who used or retained, or submitted any inquiry concerning, Defendant's services prior to receiving text messages from Defendant promoting the sale of its goods or services.

36.     Plaintiff reserves the right to modify the definition of the Class (or add one or more subclass(es)) after further discovery.

37.     Plaintiff and all members of the Class have been impacted and harmed by the acts of Defendant or its affiliates or subsidiaries.

38.     This Class Action Complaint seeks injunctive relief and monetary damages on behalf of Plaintiff and the members of the Class.

39.     The Class satisfies the numerosity, typicality, adequacy, and commonality requirements of Rule 23(a) and the predominance and superiority requirements of Rule 23(b)(3).

40.     Upon application by Plaintiff's counsel for certification of the Class, the Court may also be requested to utilize and certify one or more additional subclass in the interests of manageability, justice, or judicial economy.

41.     Numerosity. A substantial number of persons comprise the Class, which is believed to consist of thousands of persons dispersed throughout the United States. It is, therefore, impractical to join each member of the Class as a named plaintiff. Further, the size and relatively

modest value of the claims of the individual members of the Class renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation.

42.     Typicality. While residing in the United States, Plaintiff received, within a 12-month period, more than one text message promoting the sale of Defendant's goods or services sent by Defendant or an affiliate, subsidiary, or agent of Defendant more than 30 days after Plaintiff's telephone number became registered on the National Do-Not-Call Registry. Plaintiff and all members of the Class have been impacted by, and face continuing harm arising out of, Defendant's transmission of text messages to telephone numbers registered on the national DNC List.

43.     Adequacy. Plaintiff has no interests adverse to, or which conflict with, the interests of the absent members of the Class, and is able to fairly and adequately represent and protect the interests of the Class. Plaintiff has raised viable statutory claims of the type reasonably expected to be raised by members of the Class and will vigorously pursue those claims. If necessary, Plaintiff may seek leave to amend this Class Action Complaint to add additional representatives or assert additional claims on behalf of the Class, as well as to add one or more class(es) or sub-class(es).

44.     Competency of Class Counsel. Plaintiff has retained and is represented by experienced, qualified, and competent counsel committed to prosecuting this action. Counsel are experienced in handling complex class action claims, in particular claims under the TCPA and other state and federal data privacy and consumer protection statutes.

45.     Commonality and Predominance. There are well-defined common questions of fact and law that exist as to all members of the Class which predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from class member to class member and may be determined without reference to the individual circumstances of any class member, include (but are not limited to) the following:

   a.   Whether Defendant or affiliates, subsidiaries, or agents of Defendant transmitted, within a 12-month period, more than one text message to the

cellular telephones of Plaintiff and Class members despite such numbers having been registered for more than 30 days on the DNC List;

b.  Whether such text messages constituted "telephone solicitations" within the meaning of 47 C.F.R. § 64.1200(c);

c.  Whether Defendant or affiliates, subsidiaries, or agents of Defendant should be enjoined from engaging in such conduct in the future.

46.     Superiority. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all members of any of the Class is impracticable. Even if every member of the Class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class. Plaintiff anticipates no difficulty in the management of this action as a class action. Class wide relief is essential to compel compliance with the TCPA. The interest of the members of the Class in individually controlling the prosecution of separate claims is small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class actions because the members of the Class can be readily located and notified of this class action through Defendant's text message transmission records and, if necessary, the records of cellular telephone providers.

47.     Additionally, the prosecution of separate actions by individual members of the Class may create a risk of multiple adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members who are not parties to such adjudications, thereby substantially impairing or impeding the ability of such nonparty members of the Class to

protect their interests. The prosecution of individual actions by members of the Class could further establish inconsistent results and/or establish incompatible standards of conduct for Defendant.

48.     Defendant or any affiliates, subsidiaries, or agents of Defendant have acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

**CLAIM FOR RELIEF**
**Violation of the TCPA, 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)(2)**
**(On Behalf of Plaintiff and the Class Against Defendant)**

49.     Plaintiff incorporates by reference paragraphs 1-48 as if fully stated herein.

50.     Plaintiff and each member of the Class received, within a 12-month period, more than one text message that promoted the sale of Defendant's goods or services at a time more than 30 days after Plaintiff and each Class member had registered their respective phone numbers with the national Do-Not-Call Registry. Each such text message constituted a telephone solicitation call within the meaning of the TCPA and its implementing regulations. Neither Plaintiff nor any other member of the Class provided Defendant prior express consent, in writing or otherwise, to receive such text messages.

51.     Defendant's transmission of more than one text message solicitation within any 12-month period to Plaintiff's 3278 Number and to each Class member's cellular telephone number, as set forth above, constituted violations of the TCPA by Defendant, including but not limited to violations of 47 U.S.C. § 227(c)(5) and the implementing regulations promulgated thereunder at 47 C.F.R. § 64.1200(c)-(e), including but not limited to 47 C.F.R. § 64.1200(c)(2) and 47 C.F.R. § 64.1200(e).

52.     As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), and the implementing regulations promulgated thereunder at 47 C.F.R. § 64.1200(c)-(e), including but not limited to 47 C.F.R. § 64.1200(c)(2) and 47 C.F.R. § 64.1200(e), Plaintiff and all Class members

are entitled to, and do seek, injunctive relief prohibiting such conduct violating the TCPA in the future pursuant to 47 U.S.C. § 227(c)(5)(A).

53.    As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), and the implementing regulations promulgated thereunder at 47 C.F.R. § 64.1200(c)-(e), including but not limited to 47 C.F.R. § 64.1200(c)(2) and 47 C.F.R. § 64.1200(e), Plaintiff and all Class members are also entitled to, and do seek, an award of statutory damages of up to $500.00 (or up to $1,500.00 for any willful or knowing violations) for each such violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5)(B).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Benjamin Davis prays for relief and judgment in favor of himself and the members of the proposed Class, as follows:

A.    Statutory damages of $500.00 (or up to $1,500.00 for any willful or knowing violations) for Plaintiff and each member of the Class for each of Defendant's violations of 47 U.S.C. § 227(c)(5), and the implementing regulations promulgated thereunder at 47 C.F.R. § 64.1200(c)-(e), including but not limited to 47 C.F.R. § 64.1200(c)(2) and 47 C.F.R. § 64.1200(e), pursuant to 47 U.S.C. § 227(c)(5)(B);

D.    Injunctive relief prohibiting such violations of the TCPA in the future pursuant to 47 U.S.C. § 227(c)(5)(A);

E.    An award of attorneys' fees and costs to counsel for Plaintiff and the Class pursuant to Rule 23; and

F.    An Order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3), establishing the Class proposed herein and any subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the law firm representing Plaintiff as counsel for the Class.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and the Class, hereby demands a trial by jury on all claims so triable.

- 13 -

Dated:  October 22, 2020

Respectfully submitted,

By: s/  Frank S. Hedin
       Frank S. Hedin

**HEDIN HALL LLP**
Frank S. Hedin
fhedin@hedinhall.com
1395 Brickell Ave, Suite 1140
Miami, Florida 33131
Tel: (305) 357-2107
Fax: (305) 200-8801

*Counsel for Plaintiff and the Putative Class*